UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LORI STEPHENSON, individually and on behalf of all others similarly situated | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.: |
| SOUTHWEST CREDIT SYSTEMS, L.P., TRIGON INVESTORS, LLC, JEFF HURT, AND JOE LONGBOTHAM | § § § § | FLSA COLLECTIVE ACTION<br><br>JURY REQUESTED |
| Defendants. | § § | |

## ORIGINAL COMPLAINT

Plaintiff Lori Stephenson, individually and on behalf of herself and all others similarly situated (herein "Plaintiff" and "Class Members") brings this Fair Labor Standards Act ("FLSA") suit against Defendants Southwest Credit Systems, L.P., Trigon Investors, LLC, Jeff Hurt, and Joe Longbotham (collectively, "Defendants"), and in support thereof respectfully shows the Court the following:

### I.

### NATURE OF SUIT

1. The FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants violated the FLSA by failing to pay employees for all hours worked within a workweek in excess of forty (40) hours. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.

## PARTIES

3. Plaintiff Lori Stephenson is an individual who resides in Plano, Texas and was employed by Defendants within the meaning of the FLSA. She hereby consents to be a party in this action and her consent form is attached as Exhibit "A."

4. Plaintiff and "Class Members" are Defendants' current and former employees who were paid on an hourly basis.

5. Defendant Southwest Credit Systems, L.P. is a Texas limited partnership and can be served with process upon its registered agent: Jeff Hurt, 4120 International Parkway #1100, Carrollton, Texas 75007.

6. Defendant Trigon Investors, LLC, a Texas limited liability company, is the general partner of Southwest Credit Systems, L.P. and can be served with process upon its registered agent: Jeff Hurt, 2222 High Point Drive, Carrollton, Texas 75007 or 4120 International Parkway #1100, Carrollton, Texas 75007.

7. Defendant Jeff Hurt is an individual who may be served with process at 2222 High Point Drive, Carrollton, Texas 75007, 4120 International Parkway #1100, Carrollton, Texas 75007, or wherever he may be found.

8. Defendant Joe Longbotham is an individual who may be served with process at 4120 International Parkway #1100, Carrollton, Texas 75007 or wherever he may be found.

## III.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over the claims because Plaintiff has asserted a claim arising under federal law.

10. Venue is proper in the Eastern District of Texas because the events forming the basis of the suit occurred in this District.

## IV.

## COVERAGE

11. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

12. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise have had and have an annual gross volume of sales or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.

## FACTUAL BACKGROUND

15. Defendant Southwest Credit Systems, L.P. is a national provider of accounts receivable management services to companies in the communications, education, utility, and financial services industries. Defendant Trigon Investors, LLC is the general partner of Southwest Credit Systems.

16. Individual Defendants Hurt and Longbotham are or were the owners and operators of the entity defendants during the actionable period. They engaged in overseeing the

day-to-day operations of the entities and were involved in implementing or approving the pay practices that resulted in the FLSA violations alleged herein.

17.     Plaintiff was employed by Defendants as a Collector and was responsible for contacting debtors to collect on accounts assigned to her. Plaintiff worked for Defendants from approximately October 2004 until June 5, 2013.

18.     Plaintiff and the Class Members were paid on an hourly basis but were not properly compensated for hours worked in excess of forty (40) in a workweek. Plaintiff and the Class Members routinely worked in excess of forty (40) hours per week. On average, Plaintiff and the Class Members worked in excess of two (2) hours per week in overtime each week. Defendants, however, did not pay Plaintiff and the Class Members time-and-one-half their regular rates of pay for hours in excess of forty (40) hours per week. Instead, Defendants would adjust Plaintiff's and the Class Member's time sheets and only pay them a maximum of forty (40) hours per week without regard to the actual hours worked.

19.     During the three (3) year period prior to this suit, Defendants have employed other individuals as collectors who performed the same or similar job duties under the same or similar pay provisions as Plaintiff, and who were also denied overtime compensation in the same manner as Plaintiff.

20.     Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class members.

## VI.

## COLLECTIVE ACTION ALLEGATIONS

21.     The allegations contained in all of the paragraphs of this Complaint are hereby re-averred and re-alleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

22. Plaintiff and the Class Members performed the same or similar job duties as one another in that they worked as hourly employees providing collection services for Defendants. Further, Plaintiff and the Class Members were subjected to the same pay provisions in that they were paid on an hourly basis and were not paid at time-and-one-half their regular rates of pay for hours worked in excess of forty (40) hours in a workweek. Thus, the Class Members are owed unpaid overtime for the same reasons as Plaintiff.

23. Defendants' failure to compensate employees for hours worked in excess of forty (40) in a workweek as required by the FLSA results from a policy or practice of paying the Class members on an hourly basis and failing to pay time-and-a-half for all hours worked in excess of forty (40) in a workweek. This policy or practice is/was applicable to Plaintiff and the Class Members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime to Plaintiff applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former employees who were paid on an hourly basis and were not paid at time-and-one-half their regular rates of pay for hours worked in excess of forty (40) hours in a workweek.**

24. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

### VII.

### COUNT ONE

### FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA

25. The allegations contained in all of the paragraphs of this Complaint are hereby re-averred and re-alleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

26. During the relevant time period, Defendants have violated and are violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. § 206-07, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty (40) hours without compensating such employees for their work in excess of forty (40) hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII.

## ATTORNEYS' FEES AND COSTS

27. The allegations contained in all of the paragraphs of this Complaint are hereby re-averred and re-alleged for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

28. In addition to actual and liquidated damages, Plaintiff and the Class Members seek to recover their reasonable and necessary attorneys' fees and costs as permitted under the FLSA.

## IX.

## JURY DEMAND

29. Stephenson requests a jury trial.

## X.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein and that upon final hearing, Plaintiff have and recover from Defendants, jointly and severally, as follows:

    a.    For an order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for

   liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

b. For an order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c. For an order awarding Plaintiff (and those who may joint in the suit) attorneys' fees;

d. For an order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an order granting such other and further relief as may be necessary and appropriate.

                Respectfully Submitted,

                */s/ Jeffrey D. Smith*

                JEFFREY D. SMITH
                State Bar No. 24063008
                **BARBARA T. HALE**
                State Bar No. 24012762
                **BLANSCET HOOPER & HALE, L.L.P.**
                14285 Midway Road, Suite 400
                Addison, Texas 75001
                (214) 764-7973
                (214) 764-7981 (Telecopy)

                **ATTORNEYS FOR PLAINTIFF**