UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LORI STEPHENSON, individually and on behalf of all others similarly situated | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.: 4:14-cv-00019 |
| SOUTHWEST CREDIT SYSTEMS, L.P., TRIGON INVESTORS, LLC, AND JEFF HURT | § § § § | FLSA COLLECTIVE ACTION JURY REQUESTED |
| Defendants. | § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS TRIGON INVESTORS, LLC AND JEFF HURT'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

Plaintiff Lori Stephenson, individually and on behalf of herself and all others similarly situated ("Plaintiff"), requests the Court deny Defendants Trigon Investors, LLC ("Trigon") and Jeff Hurt's ("Hurt") Motion to Dismiss, and in support thereof respectfully shows the Court as follows:

**I.**

**SUMMARY**

1. In their Rule 12(b)(6) Motion to Dismiss, Hurt and Trigon contend Plaintiff's FLSA claim fails to set forth sufficient facts that they can be held liable as her employer under the FLSA. Contrary to Hurt and Trigon's contentions, Plaintiff sufficiently alleges that Hurt and Trigon can likewise be held liable for FLSA violations. Plaintiff has alleged sufficient facts to invoke liability against Trigon, Defendant Southwest Credit System, L.P.'s ("SWCS") general partner, and Hurt, SWCS's Chief Executive Officer.

## II.

## ARGUMENT & AUTHORITIES

A.     **STANDARD FOR RULE 12(B)(6) MOTIONS TO DISMISS**

2.     A motion to dismiss for failure to state a claim under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). When considering a Rule 12(b)(6) motion to dismiss, the court must construe the plaintiff's complaint liberally in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* The court may not look beyond the face of the pleading in ruling on the motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). If the factual allegations in the plaintiff's complaint are sufficient to show that the right to relief is plausible on its face and above mere speculation, the court should deny the motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007).

B.     **PLAINTIFF ALLEGES SUFFICIENT FACTS THAT HURT AND TRIGON ARE LIABLE UNDER THE FLSA**

    i.     **HURT CAN BE HELD LIABLE UNDER THE FLSA**

3.     First, Plaintiff has alleged sufficient facts that Hurt, individually, can be held liable under the FLSA. Under the FLSA, any employer who violates the FLSA overtime statute is "liable to the employee or employees affected in the amount of their unpaid … overtime compensation." 29 U.S.C. § 216(b). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Both corporate entities and individuals can qualify as employers under the FLSA. *Robinson v. Assured Quality Care Servs., LLC*, No. 3:13-cv-2524, 2013 WL 6229537, at *2 (N.D. Tex. Dec. 2, 2013); *see* 29 U.S.C. § 203(a), (d). To determine whether an individual or

entity is an employer, the court uses the "economic reality" test to determine whether the alleged employer: (1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Robinson*, 2013 WL 6229537 at *2 (citing *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012)). "The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies." *Id.*

4. To illustrate, in *Robinson*, plaintiffs alleged a corporate officer "was substantially in control of the terms and conditions of the Plaintiffs' work," and that she "was an employer of the Plaintiffs as defined by 29 U.S.C. § 203(d)." *Id.* According to the court, "[s]imply stating that the corporate officer was an employer may constitute a legal conclusion, but alleging that she controlled the terms of their employment is a factual allegation." *Id.* (citing *Hoffman v. Cemex, Inc.*, No. H-09-3144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009) (finding that similarly simple allegations in an FLSA complaint were "all factual allegation[s]—not legal conclusions—and, if proven, they give rise to a plausible claim for relief"). Consequently, the court denied Defendants' Motion to Dismiss because plaintiffs' allegations, taken as true, were sufficient to qualify the corporate officer as an employer under the FLSA, and thus to state a claim against her. *Id.* Further, the question of whether the corporate officer did in fact qualify as plaintiffs' employer is related to the summary judgment stage of the proceedings, the resolution of which requires the presentation of affirmative evidence, which the corporate officer did not present. *Id.*

5.  As in *Robinson*, Plaintiff has pled specific facts regarding Hurt's liability under the FLSA, which when taken as true, are sufficient to state a claim against Hurt under the FLSA. Plaintiff has pled more than a conclusory allegation that Hurt was her employer. Rather, as set forth in Plaintiff's First Amended Original Complaint, Plaintiff has pled specific facts that Hurt is in control of the day-to-day operations of SWCS, including Plaintiff's work and implementing or approving the pay practices that resulted in the FLSA violations Plaintiff complains of. Even more so than the plaintiffs in *Robinson*, Plaintiff also includes specific factual allegations taken from SWCS's website in which SWCS acknowledges Hurt is its Chief Executive Officer responsible for "the leadership, strategic direction, and plans of the company." As such, taking Plaintiff's pleadings as true, Plaintiff has pled specific factual allegations invoking liability against Hurt, individually, as an employer under the FLSA. Whether Hurt does in fact qualify as an employer is a fact issue that requires the presentation of affirmative evidence most appropriate at the summary judgment stage. For these reasons, the Court should deny Defendants' Motion to Dismiss.

    **ii.**    **TRIGON IS JOINTLY AND SEVERALLY LIABLE FOR SWCS'S FLSA VIOLATIONS**

6.  Because SWCS can be held liable as Plaintiff's employer, Trigon, as its general partner, is also jointly and severally liable for violations under the FLSA. SWCS is a Texas limited partnership, and Trigon is its general partner. Under section 153.152(b) of the Texas Business Organizations Code, a general partner of a limited partnership "has the liabilities of a partner in a partnership without limited partners to a person other than the partnership and the other partners." TEX. BUS. ORGS. CODE § 153.152(b). A general partner of a limited partnership has the same liability as a general partner in a general partnership, and thus is **jointly and**

**severally** liable for all obligations of the partnership unless otherwise agreed by the claimant or provided by law. *Id.* § 152.304(a). A person with a claim against a limited partnership always has recourse against any general partner in the same manner as general partners are liable for the liabilities of the partnership. *Peterson Group, Inc. v. PLTQ Lotus Group, L.P.*, 417 S.W.3d 46, 56 (Tex. App.—Houston [1st Dist.] 2013, no pet. h.). Contrary to Trigon's contention, the court in *Peterson Group* does not limit the applicability of section 153.152(b) to persons "doing business with" the limited partnership as the statute clearly applies to all persons "other than the partnership and the other partners." Even if it did, Stephenson was "doing business with" SWCS by virtue of her employment relationship. Further, the FLSA does not in any way abrogate Trigon's liability under the Texas Business Organizations Code as SWCS's general partner. Thus, even if Trigon is not an "employer" under the FLSA, it is nonetheless jointly and severally liable for SWCS's FLSA violations as its general partner.

### III.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court deny Hurt and Trigon's Motion to Dismiss and for such additional relief as Plaintiff shows herself justly entitled.

Respectfully Submitted,

*/s/ Jeffrey D. Smith*
**JEFFREY D. SMITH**
State Bar No. 24063008
**BARBARA T. HALE**
State Bar No. 24012762
**BLANSCET HOOPER & HALE, L.L.P.**
14285 Midway Road, Suite 400
Addison, Texas 75001
jsmith@metrocrestlaw.com
bhale@metrocrestlaw.com
(214) 764-7973
(214) 764-7981 (Telecopy)

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was provided to all counsel of record, via automated Notice of Electronic Filing to Filing Users and/or certified mail and/or facsimile, in accordance with the Federal Rules of Civil Procedure, on this 9th day of May, 2014.

*/s/ Jeffrey D. Smith*
Jeffrey D. Smith